UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| SUBPOENAS *AD TESTIFICANDUM* ) | |
| TO ATTORNEYS DONALD W. WRUCK ) | CAUSE NO.: 2:20-MC-58-TLS-JEM |
| and GEOFFREY G. GIORGI ) | |

**OPINION AND ORDER**

This matter is before the Court on Non-Party Attorneys Wruck and Giorgi's Motion for Protective Order and/or Motion to Quash Non-Party Subpoenas [DE 1], filed May 21, 2020. Movants request that the Court quash subpoenas for the depositions of Attorneys Donald W. Wruck and Geoffrey G. Giorgi filed in an attorney malpractice action involving Thomas Rosta pending in the Southern District of Indiana. They also request that the Court enter a protective order limiting discovery in that action. On June 8, 2020, Rosta filed a response, and the moving attorneys filed a reply on June 15, 2020.

**I.     Background**

On June 28, 2013, Defendant Brieane Wiley's car rear-ended the vehicle of Defendant Mary Sellers, injuring Sellers and her husband, Joshua. Sellers and her husband sued Wiley in state court. Wiley was insured by United Automobile Insurance Company, which hired Attorney Rosta to represent her. Attorney Rosta did not defend the claim in state court, and a default judgment was entered against Wiley. Without assistance from United or Rosta, Wiley hired her own attorney, Geoffrey Giorgi, and reached a settlement agreement with Sellers, who was represented by Attorney Donald Wruck. The parties agreed that the default be submitted to final determination of the damages on the merits, Wiley would assign to Sellers all causes of actions and rights against United, and Wiley would assist in prosecution of those claims in exchange for an agreement that the Sellers not execute the final default judgment against Wiley's individual assets.

After the parties stipulated to a range of combined damages between $772,877 and $883,797, the state court entered a final default judgment of $795,037 for Mary Sellers and $12,000 for Joshua Sellers based on its review of the evidence of record. United, through Attorney Stalmack, then brought an action in this Court seeking a declaratory judgment that it had no duty to defend or indemnify Wiley in the state court action, arguing in part that Wiley did not properly notify United of the lawsuit and failed to cooperate with Attorney Rosta. Wiley, represented by Attorney Giorgi, and the Sellers, represented by Attorney Wruck, filed counterclaims against United, including allegations of fraud, negligence, and breach of contract. The parties reached a settlement in that action.

Attorney Rosta and Attorney Stalmack are now being sued for malpractice by United in the Southern District of Indiana for the costs associated with the state court action and the declaratory judgment action. Attorney Rosta is seeking communications between Attorneys Wruck and Giorgi and information about their clients and trial strategies as part of the malpractice lawsuit. The moving attorneys move to quash the subpoenas and for a protective order limiting what discovery they must provide in that case.

## II.     Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . or . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue

an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

**III.   Analysis**

Attorneys Wruck and Giorgi explain that Rosta served them with subpoenas and requests for production demanding information from their client files regarding the Sellers and Wiley, including communications between the attorneys about the clients and communications with their clients. They object to providing that information. In their initial motion, the moving attorneys argue that Rosta has failed to explain with specificity what information he is seeking through depositions of Wruck and Giorgi, that much of the information he has requested is privileged, and that he has not demonstrated that the relevant information he needs is unavailable from other sources. They argue that they have requested that Rosta define the topics he wishes to depose them on, including an explanation of why the information is necessary to his case and is not privileged, but assert that Rosta refused to provide the information. In response, Rosta argues that, as part of the malpractice action, United must prove it would have been more successful if Rosta had appeared and defended Wiley in the state court action. Therefore, Rosta argues, he is entitled to discovery that will provide evidence that United and Attorney Stalmack, rather than Rosta, bear responsibility for the result. He

3

lays out several specific areas of inquiry for the depositions, including information about the settlement negotiations and what advice the attorneys would have given their clients in different scenarios. In their reply, the moving attorneys argue that the response lays out for the first time the areas of deposition testimony that Rosta is seeking. They reiterate their argument that the information being sought through deposition and document production is privileged work product information, that the requests are unduly burdensome, and that, since Rosta should be limited to discovery of information that would have been attainable in the original actions, much of the information he is seeking is outside the scope of discovery.

Rosta argues that he must produce evidence relating to what the outcome of the two underlying actions would have been absent the allegedly negligent behavior of Rosta and Stalmack. In particular, Rosta argues that he is entitled to information about how the attorneys would have advised their clients under different circumstances and the reasoning behind their settlement negotiations. He also reiterates his entitlement to the information sought through discovery requests, characterizing it as information he is entitled to in order to establish the evidence and trial strategy that would have been presented in the two underlying cases.

Wruck and Giorgi argue that many of Rosta's requests seek information subject to attorney-client privilege. The work product doctrine attaches to documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative," Fed. R. Civ. P. 26(b)(3). Both "'opinion' work product, which reflects or reveals a lawyer's mental processes," as well as "fact" work product, "are generally protected and can be discovered only in limited circumstances." *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 616 (N.D. Ill. 2000). The privilege protecting "fact" work product "may only be overcome if the party

4

seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). "[T]his burden is difficult to meet and is satisfied only in 'rare situations, such as those involving witness unavailability.'" *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D. Ill. 2002) (quoting *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 2000 WL 1898518 * 3 (N.D.Ill.2000)). However, "even when a litigant makes the substantial need showing, 'opinion' work product remains protected." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1023-24 (7th Cir. 2012); *see also Upjohn Co. v. United States*, 449 U.S. 383, 401–02, 101 S. Ct. 677, 688-89, 66 L. Ed. 2d 584 (1981) ("While we are not prepared at this juncture to say that such [opinion work product] material is always protected by the work–product rule, we think a far stronger showing of necessity and unavailability by other means . . . would be necessary to compel disclosure.").

Rosta requests what he describes as "factual information" about the circumstances of the settlement between Wiley and Sellers, including advice Attorney Giorgi would have given Wiley under different circumstances, legal strategies regarding settlement negotiation, and legal analysis of the cases. Despite Rosta's assertions that he does not seek privileged information, all of those requests involve legal opinion testimony, not merely recitation of facts or information gathered by the attorneys, and is protected opinion work product.

As with the subpoenas ad testificandum, much of the information being sought through the document requests is also privileged. Most information from the moving attorneys' client file is protected attorney work product. Although the moving attorneys shared information about their clients with each other, that disclosure does not waive confidentiality of communications since the

5

parties shared common interests. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007) ([T]he common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances . . . where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise."); *McNally Tunneling Corp. v. City of Evanston, Ill.*, No. 00 C 6979, 2001 WL 1246630, at *2 (N.D. Ill. Oct. 18, 2001) ("Under the common interest doctrine, however, the disclosure of privileged material to a third party will not result in waiver if the parties share a common interest in the case."). In this case, Wiley assigned her interest to the Sellers, and they asserted joint claims against United in the injunction case. Their interest is undoubtedly in common, so the attorney-client privilege is undisturbed as to materials that were shared between attorneys with respect to that common interest. On review of the briefing and Rosta's requests, the Court finds that Wruck and Giorgi have met their burden to show that much of the information sought by Rosta is protected by the attorney-client privilege, and, as to the "fact" work product, Rosta has not shown substantial need for these materials or that he would "suffer undue hardship in procuring the requested information some other way." *Logan*, 96 F.3d at 976.

In his description of possible deposition topics, Rosta lists one area of inquiry that could have some non-privileged factual component: communications between Stalmack and Wruck about settlement negotiations. Likewise, the documents he has requested are either for information that is obviously protected work product or written communications between the moving attorneys and others. A number of the requests are for communications involving United and Stalmack that can presumably be obtained from them, especially since they are parties to the underlying malpractice action. As to the other requests for communications with outside entities, Rosta does not address his

6

attempts to obtain the information from other sources or argue that it is unavailable, and Wruck and Giorgi's responses to the document requests indicate that they have provided a number of responsive documents. Wruck and Giorgi are not parties to the malpractice lawsuit, and Rosta has not even argued that there is no other way of obtaining the remaining non-privileged information from another source that is "more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(b)(i); *see also Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) ("When making the determination of whether a person will be subjected to undue burden, courts consider a number of factors, including the person's status as a non-party. . . [C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs."); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) ("Additionally, non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion.").

Rosta has not identified any information that he has not yet received from Wruck or Giorgi that is not privileged attorney work product, is not available from any other less-burdensome source, and is directly relevant to the merits of the underlying cases, had those cases proceeded to trial. Accordingly, a protective order is appropriate, and the subpoena should be quashed.

**IV.     Conclusion**

For the foregoing reasons the Court **GRANTS** Non-Party Attorneys Wruck and Giorgi's Motion for Protective Order and/or Motion to Quash Non-Party Subpoenas [DE 1] and **ORDERS** that Attorneys Wruck and Giorgi need not respond to the non-party subpoenas for documents and depositions.

Because the motion is granted, "the court must, after giving an opportunity to be heard,

7

require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 26(c)(3) (providing that "Rule 37(a)(5) applies to the award of expenses" in an action for protective order). Accordingly, the Court **ORDERS** Movants to file, by **September 8, 2020**, an itemization of costs and fees, including attorney's fees, incurred in making the Motion, with Respondents to file a response by **September 22, 2020**, and Movants to file a reply, if any, by **September 29, 2020**.

      SO ORDERED this 21st day of August, 2020.

                                      s/ John E. Martin
                                      MAGISTRATE JUDGE JOHN E. MARTIN
                                      UNITED STATES DISTRICT COURT

cc:     All counsel of record